UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

**10 Shepherds Ln Map LLC**,
                           Debtor.

------------------------------------------------------------x

**Hearing date and Time:**
**May 14, 2026** at **10 a.m.**
**Objection Deadline:** May 7, 2026
Chapter 11

Case No: 826-70355-las
**NOTICE**

**To The Debtor, the debtor, his counsel, and All Listed Creditors:**

**PLEASE TAKE NOTICE THAT:**

       Upon the application of the United States Trustee for Region 2, a hearing will be held before the Honorable Louis A. Scarcella, United States Bankruptcy Judge of the Alfonse M. D'Amato US Courthouse, 290 Federal Plaza, Central Islip, New York 11722, Courtroom 970, on **May 14, 2026 at 10:00 a.m.** or as soon thereafter as counsel may be heard, for the entry of an order dismissing this chapter 11 case with prejudice for one year; or in the alternative, converting this chapter 11 case to one under a case under chapter 7 pursuant to 11 U.S.C. §1112(b) and such other and further relief as may seem just and proper. All attorneys and unrepresented parties are required to register for the hearing at least two business days in advance of the scheduled hearing by using the Court's eCourt Appearances Platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.

       The original application is on file with the Clerk of the Bankruptcy Court, Federal Plaza, Room 290, Central Islip, New York and with the United States Trustee, Federal Plaza, Room 560, Central Islip, New York and may be reviewed at either office during regular business hours.

       Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a CD Rom, preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black, Esq., no later than objection deadline set forth above.

       The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
       April  , 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE REGION 2
Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722
(631) 715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:

10 Shepherds Ln Map LLC,

                           Debtor.

----------------------------------------------------------x

<u>Hearing date and Time:</u>
<u>May 14, 2026 at 10 a.m.</u>
<u>Objection  Deadline: May 7, 2026</u>

Chapter 11
Case No: 826-70355-las

### NOTICE OF MOTION SEEKING ENTRY OF AN ORDER UNDER 11 U.S.C. § 1112(b)  CONVERTING THIS CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 OF THE <u>BANKRUPTCY CODE OR  DISMISSING THIS CHAPTER 11 CASE</u>

**PLEASE TAKE NOTICE**, that upon the annexed application by Christine H. Black, Esq., Assistant United States Trustee, the United States Trustee for Region 2, will move before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the Alfonse M. D'Amato US Courthouse, 290 Federal Plaza, Central Islip, New York 11772, Courtroom 970 on the 14th day of  May 2026 at 10 a.m., or as soon thereafter as counsel may be heard (the "Hearing"), seeking entry of an order under Bankruptcy Code section 1112(b), dismissing the chapter 11 case filed by 10 Shepherds Ln Map LLC (the "Debtor"); or in the alternative, converting the Debtor's chapter 11 case, to one under chapter 7 Bankruptcy Code and for such other and further relief as may be just and proper.

**PLEASE TAKE FURTHER NOTICE**, that except as set forth in Judge Scarcella's Procedures on the Court's website, all hearings shall be held in person in Judge Scarcella's Courtroom 970, and parties and members of the public who wish to (i) participate "live," or (ii) listen to a hearing by audio feed may so without requesting permission from

Chambers.  Anyone wishing to listen to a hearing or participate remotely must register with eCourt Appearances. Information on how to register for, and use, the eCourt Appearances tool is available on the Court's website: nyeb.uscourt.gov/registering-remote-hearing-appearance-using-ecourt-appearances.   For clarification, for a hybrid "Zoom/in-person" hearing, parties appearing remotely by Zoom and parties appearing in-person, must register with eCourt Appearances.  In either case, the party should register on or before 12:00 noon the day prior to the scheduled hearing. Zoom hearing information will be sent to the email address used to register with eCourt Appearances.

**PLEASE TAKE FURTHER NOTICE**, that attorneys who represent parties in non-evidentiary hearings, conferences and other routine matters may participate in such matters by remote access through Zoom, unless the Court directs otherwise.  Any creditor, other party in interest or member of the public may obtain remote access to such matters through Zoom. All persons using Zoom must register with eCourt Appearances pursuant to the procedure described above.

**PLEASE TAKE FURTHER NOTICE**, that  responsive papers, if any,  shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a CD Rom, preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and served upon the United

States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black

Esq., christine.h.black@usdoj.gov no later than objection deadline set forth above.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing scheduled herein may

be adjourned from time to time by announcement made in open court without further written

notice.

DATED: Central Islip, New York
April 13, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE REGION 2
Office of the United States Trustee
Alfonse M. D'Amato US Courthouse
560 Federal Plaza
Central Islip, New York 11722
(631) 715-7782

By: */s/ Christine H. Black*
Christine H. Black, Esq.
Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

10 Shepherds Ln Map LLC,

                                   Debtor.

-------------------------------------------------------------x

**Hearing Date and Time:**
**May 14, 2026 at 10 a.m.**
**Objection Deadline:  May 7, 2026**

Chapter 11
Case No: 826-70355-las

### APPLICATION IN SUPPORT OF MOTION SEEKING ENTRY OF AN ORDER DISMISSING OR CONVERTING THE DEBTOR'S CASE TO ONE UNDER  CHAPTER 7 OF THE BANKRUPTCY CODE

TO:    THE HONORABLE LOUIS A. SCARCELLA:,
        UNITED STATES BANKRUPTCY JUDGE:

       WILLIAM K. HARRINGTON, the United States Trustee for Region 2 ("United States Trustee") by his counsel, Christine H. Black, Esq., Assistant United States Trustee, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5) and in support of the United States Trustee's  application seeking entry of an order dismissing this chapter 11 case, or in the alternative, converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code represents and alleges as follows:

### PRELIMINARY STATEMENT

       10 Shepherds Ln Map LLC (the "Debtor") owns a parcel of real property.  The Debtor has no income, has not obtained alternative financing and has not filed a plan of reorganization.  The Mortgagee (hereinafter defined), who is the sole creditor, has obtained a judgment of foreclosure.  Absent the Mortgagee's consent, the Debtor cannot confirm a plan of reorganization.  The Debtor has not filed any monthly operating reports ("MORs"), and while Counsel (hereinafter defined) has indicated that the Debtor may be in position to re-finance the

Mortgagee's debt, there has been no motions filed seeking debtor in possession financing. The legal inability to confirm a plan, the Debtor's lack of good faith in the filing, the Debtor's lack of income and the lack of activity towards reorganization constitutes cause warranting the dismissal or conversion of the Debtor's case to one under chapter 7 of the Bankruptcy Code. As such, the United State Trustee submits that cause exists warranting the conversion of the instant case to one under chapter 7, or dismissal of the within case whichever is in the best interests of creditors.

## FACTS

1. On January 17, 2026 (the "Filing Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (ECF Docket No. 1).

2. The Debtor is represented by Karamvir Dahiya, Esq., Dahiya Law Offices LLC ("Debtor's Counsel").

3. The initial filing was incomplete and on January 27, 2026, the Clerk of the Court issued a deficiency notice requiring the Debtor to file by January 27, 2026 its E.D.N.Y. LBR 1073-2b, its Affidavit Pursuant to E.D.N.Y. LBR 1007-4, its Corporate Resolution Pursuant to E.D.N.Y. LBR 1074-1(a), its Corporate Disclosure Statement Pursuant to FBR 1073-3 and to file by February 10, 2026 the Disclosure of Compensation of Attorney for Debtor 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) (Official Form 2030), its Summary of Assets and Liabilities for Non-Individuals Official Form 206Sum., and its Schedules A/B, D, E/F, G and H its Declaration Under Penalty of Perjury for Non Individual Debtors Official Form 202, its List of Equity Security Holders, its Statement of Financial Affairs Non-Ind Form 207. (ECF Docket No. 3)

4.       No trustee or examiner has been appointed, and the Debtor has continued to operate and remain in possession of its assets as a debtor in possession under Bankruptcy Code sections 1107 and 1108.

5.       The Office of the United States Trustee scheduled the initial 341 First Meeting of Creditors for February 27, 2026, and the Court scheduled the Initial Case Conference for February 12, 2026 (ECF Docket Nos., 2 and 4).

6.       Rather than filing its schedules, on February 10, 2026, the Debtor filed an *ex parte* application to extend, until March 3, 2026, the time to cure its deficiencies (ECF Docket No. 9).

7.       The Court granted the Debtor's request but only extended the time to file schedules to February 24, 2026.

8.       On February 11, 2026, the Debtor filed its schedules A/B through J and its Statement of Financial Affairs [ECF Docket No. 24].

9.       The Debtor scheduled two assets:  a parcel of real property at 10 Shepherds Lane, Port Washington, New York, (the "Property"), which according to the Debtor's schedules, is encumbered by a residential mortgage in favor of Secure Bridge Fund 1 LLC, (the "Mortgagee"), in the amount of $4,796,344 (See Schedules A/B and D) [ECF Docket No. 24]; and a claim against the Mortgagee for alleged violations of the New York State Banking Law and Truth in Lending Law, including RESPA (See Schedule A/B) [ECF Docket No. 24]. According to the Debtor's Statement of Financial Affairs, the Property is the subject of a foreclosure action which has ripened into a judgment. It appears that the Debtor's managing

member has guaranteed the debt to the Mortgagee (See Schedule H) [ECF Docket No. 24]. The Debtor scheduled no other secured debt and no unsecured debt.

10. On February 17, 2026, the Court entered and order establishing March 31, 2026 as the last day for the filing of non-governmental Proofs of Claim, and July 27, 2026 as the last day for the filing of governmental proofs of claim  As of April 10, 2026, only one creditor had filed a Proof of Claim, the Mortgagee, whose claim was filed in the amount of $5,136,413 in accordance with a Judgment of Foreclosure entered on November 10, 2025.

11. The Debtor has failed to file a Plan of Reorganization or a Disclosure Statement.

12. The Debtor has failed to file monthly operating reports since the Filing Date.

## **LEGAL AUTHORITY**

13. 28 U.S.C. §586(a)(8) states that "in any case in which the United States Trustee finds material grounds for relief under §1112 of Title 11, the United States Trustee shall apply promptly after making that finding to the court for relief."  Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding.  Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11.  This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

14. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part as follows:

(1)  Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

(2)  the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –

    (A)    there is a reasonable likelihood that a plan will be confirmed within the timeframes established in §§ 1121(e) and 1129(e) of this title . . .; and

    (B)    the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --

    (i)    for which there exists a reasonable justification for the act or omission; and

    (ii)    that will be cured within a reasonable period of time fixed by the court . . .

11 U..S.C. § 1112(b).

15.  Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist.  The mandatory language of §1112(b) is a substantial departure from the

former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

16.     Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. *In re Levinsky*, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal of a chapter 11 case, so long as its decision is made based upon the best interest of creditors. See *In re Gonic Realty Trust,* 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, *In re Pensignorkay, Inc.,* 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); *In re Earth Services, Inc.*, 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. *Levinsky*, 23 B.R. at 217; see also *In re Santiago Vela*, 87

B.R. 229, 231 (D. P.R. 1988); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (S.D.N.Y. 1983).

17.     11 U.S.C. §1112(b)(b)(4) sets forth a list of examples of "cause."  For purposes of the instant motion, under 11 U.S.C. §1112(b)(4) the following enumerated items

(A)     Substantial or continuing loss to or diminution of the estate and the §1112(b)(4)(A));

(B)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter §1112(b)(4)(F)).

18.     The list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4).  *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2nd Cir. 1997).  Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4).  *See In re Springs Hospitality, Inc.*, 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1)); *In re 3 RAM, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

19.     Among the considerations frequently cited by courts, in determining to dismiss or convert a Chapter 11 case, is whether a debtor has filed his petition in bad faith.  *See,*

*e.g., C-TC 9th Ave. P'ship*, 113 F.3d at 1310 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

**The Debtor has shown continuing losses and there
Is no Likelihood of Rehabilitation**

20. A continuing loss to the estate and an absence of a likelihood of rehabilitation constitutes cause for the dismissal or conversion of a chapter 11 case. 11 U.S.C. §1112(b)(4)(A). Recognizing that the fundamental purpose of chapter 11 is to reorganize operations, courts have found cause to convert cases to chapter 7 under former section 1112(b)(1) where debtors have cease operating or seek to self-liquidate their assets. See *In re Loop Corp.*, 290 B.R. 108 (D. Minn 2003), aff'd 379 F.3d 511 (8th Cir., 2004) (affirming Bankruptcy Court's order converting liquidating chapter 11 case to chapter 7); *In re East Coast Airways, Ltd.*, 146 B.R. 325, 326 (Bankr. E.D.N.Y. 1992)("[a]bsent a reasonable amount of assets and a feasibly operating business, there is no reason for continuing a corporate debtor in chapter 11").

21. "To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements." *In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). There need not be significant diminution to satisfy the first prong of section 11 U.S.C. §1112(b)(4)(A) See *East Cost Airways*, surpa., 146 B.R. at 336*; In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988).

22. At the Debtor's 341 meeting, the managing member testified that the Debtor is not receiving any rental income, and he was unsure whether the real estate taxes were being paid.[1] In short, it appears that the Debtor is not paying any carrying costs associated with the Property and more critically, has no ability to pay any carrying costs.

23. Not only does it appear that the Debtor is accruing post-petition tax obligations, but the Debtor is also accruing additional administrative expenses in the form of attorneys' fees, for which there does not appear there is any source of income from which to make payments.

24. Because there are no sources of income, as expenses continue to accrue, the value of the Debtor's assets will continue to diminish. As such, the longer the Debtor remains in chapter 11 the greater the administrative insolvency. Hence, the Debtor is suffering a continuing diminution of the estate, thereby satisfying the first prong of Bankruptcy Code section 1112(b)(4)(A). (See *In Re Gateway Solutions, Inc*., 374 B.R. 556 (Bank. M.D. Pa. 2007)).

25. The facts of the case also establish that the second prong of section 1112(b)(4)(A) is satisfied. Based upon the case law cited herein, under the second prong of section 1112(b)(4)(A), the Debtor is required to show that there is a reasonable likelihood of "rehabilitation," not merely a reorganization. Rehabilitation requires a reestablishment of a business. As such, it must be established that ". . . the causes of the debtor's continuing losses can be corrected, but also whether the debtor or some other party in interest is capable of performing the necessary rehabilitation." See Collier's on Bankruptcy, 16th Ed., ¶1112.04[6] [a][ii].

---

[1] The Mortgagee's counsel advised during the 341 meeting, that a tax lien search revealed that Nassau County has a $300,000 tax lien, there is an additional village tax lien of $35,000, and $100,000 in open taxes that have not yet

26.     The Debtor has not established there is any alternative source of funds. While the Debtor 's principal testified that he was seeking to refinance the mortgage, he conceded during the 341 that he was unable to do so pre-petition.  Since the Filing Date, Counsel has represented that the Debtor has received two letters of intent, however, those letters have not been shared with the United States Trustee.  And, while the Debtor scheduled a potential claim against the Mortgagee as an asset, it is submitted that potential litigation would have to be resolved timely, and in the Debtor's favor.  There is no adversary proceeding pending, and  it appears that any resolution of the litigation is not imminent. So, any potential recovery is speculative at best.  (see *In re BH S & B Holding, LLC* 439 B.R. 342, 350(Bankr. S.D.N.Y. 2010) " . . . [c]ase law is clear that the mere hope of prevailing on potential litigation claims is not a sufficient basis to defeat a showing of cause to convert." citing *In re FRGR Managing Member LLC*, 419 B.R. 576, 583 (Bankr. S.D.N.Y 2009))

27.     Finally, and most importantly, the Debtor cannot confirm a plan of reorganization.  The Bankruptcy Code at section 1129, requires a proposed plan to be accepted by at least one impaired class of creditors (Bankruptcy Code section 1129 (a)).  Since the Mortgagee is the sole creditor, the Debtor is legally unable to confirm a plan of reorganization absent an agreement with the Mortgagee, because the Debtor has no other creditors to act as  an accepting class. Therefore, the confirmation requirements at Bankruptcy Code section 1129 cannot be satisfied.

28.     The operative facts of this case show that the Debtor has taken no action towards effectuating a reorganization; but rather has sought to repeatedly delay the case. The Debtor sought an extremely long extension to file schedules which when filed revealed one

become a lien.

creditor and essentially one asset.  To date, the Debtor has not retained a broker or presented any DIP Financing or Exit Financing.  It is respectfully submitted that there is no plan of reorganization that is in prospect, thereby satisfying the second prong of 1112(b)(4)(A).

29.     Continuing losses and a diminution in the value of the of the estate constitutes cause under 11 U.S.C. §1112(b)(4)(A), and because this enumerated provision of the Bankruptcy Code that does not fall with the exceptions set forth 11 U.S.C. §1112(b), a finding of cause under Bankruptcy Code section 1112(b)(4)(A) requires conversion or dismissal of the case.

**The Debtor has failed to Comply with Its Reporting Requirements**

30.     Bankruptcy Code section 1106 requires a debtor to comply with the duties of a trustee, which under Bankruptcy Code section 704(a)(8) obligates the Debtor to file periodic reports of business operations.  In addition, according to Rule 2015.1 of the Local Rules of Bankruptcy Procedure, chapter 11 debtors shall "shall file and serve upon the United States trustee . . . , a verified monthly operating report no later than the 20th day of each month."  The Reports " . . . shall be completed in the manner prescribed by the Operating Guidelines and Reporting Requirements of the United States Trustee . . . ."  And, "[F]ailure to file required reports may constitute cause for dismissal or conversion of the case." (See EDNY Local Bankruptcy Rules 2015.1). (In re Babayoff, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011), holding that the failure to timely file monthly operating reports constitutes cause under Bankruptcy Code section 1112(b)(4)(F) warranting the conversion or dismissal of the case).

31.     The timely filing of the MORs, "provide(s) necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's

reorganization efforts." Babayoff, supra., 445 B.R. at 80.  The requirement to timely file the reports, " . . . assures that current information is regularly and easily available to anyone with an interest in monitoring the progress of a case toward confirmation. Late filings complicate this task, and missing filings may render it impossible." Id.

32.     In the instant case, the Debtor has not filed any MORs since the Filing Date.   Moreover, the Debtor's lack of transparency is inappropriate with the Debtor's obligations as a chapter 11 debtor, who has a fiduciary obligation to her creditors, by rendering it impossible for parties in interest to monitor the Debtor's post-petition operations.

33.     The Debtor's failure to comply with the requirements set forth in the Bankruptcy Code at section 1106, or as required under Local Rule 2015-1 constitutes cause under Bankruptcy Code section 1112(b)(4)(F) warranting the conversion or the dismissal of her chapter 11 case.

34.     Based upon its failure to timely file monthly operating reports, cause under Bankruptcy Code section 1112(b)(4)(F) has been established and the Debtor's case should also be converted or dismissed.

35.     The United States Trustee submits that the Debtor will be unable to satisfy the standards enunciated at Bankruptcy Code section 1112(b)(2),  -- that is -- that the Debtor's failure to file any MORs since the Filing Date constitutes an unusual circumstances such that the conversion or the dismissal of the instant case is not in the best interest of creditors and the estate.  Moreover, it does not appear that the Debtor has moved in any way to resolve its financial difficulties.  Hence, based upon the Debtor's lack of activity, including its failure to comply with its administrative requirements, there does not appear that there is a reasonable

likelihood that a plan would be confirmed within a reasonable period of time, or that there is a reasonable justification for not timely filing its MORs or that the Debtor is in a position to cure the deficiency.

**The Case is a Classic Bad Faith Filing and Should Be Dismissed**

36. A chapter 11 case may be dismissed if cause can be established under § 1112(b)(4) that the Debtor commenced its case in "bad faith or that the case demonstrates attributes of bad faith." *In re 221-06 Merrick Blvd. Assocs. LLC*, 2010 WL 5018265, at 1; See *In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997) (holding that the court may dismiss a chapter 11 filing on motion or *sua sponte* upon finding that the filing was in "bad faith," even without consideration of factors set forth in Section 1112(b)); *In re D&G Construction Dean Gonzalez, LLC*, 635 B.R. 232, 238 (Bankr. E.D.N.Y 2021) (Trust, C.B.J.) ("The Second Circuit has held that a bad faith filing constitutes cause for dismissal or conversion of a chapter 11 case.").

37. Moreover, the Second Circuit in *C-TC 9th Ave.* stressed that the purpose of a bankruptcy filing was to " . . . assist financially distressed business enterprises by providing them with breathing space to return to a viable state." *C-TC 9th Ave.* 113 F3d at 1310 citing *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071 (5th Cir.1986) "[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its raison d'etre ...." Id. (internal cites omitted). In short, the Second Circuit affirmed the dismissal of the debtor's case after determining that the timing of the filing evidenced a scheme to use the bankruptcy filing as a litigation tactic to delay the enforcement of a state court judgment.

38. The Second Circuit also highlighted eight factors as indicative of a bad faith filing:

> (1) The Debtor has only one asset; (2) The Debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) The Debtor's one asset is subject of a foreclosure action as a result of arrearages or default on the debt; (4) The Debtor's financial condition is, in essence, a two-party dispute between the Debtor and secured creditors which can be resolved in the pending state court foreclosure action; (5) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights; (6) The Debtor has little or no cash flow; (7) The Debtor cannot meet current expenses including the payment of personal property and real estate taxes; and (8) The Debtor has no employees.

*C-TC 9th Ave*, supra., 113 F3d. at 1311.

39. In short, a lack of good faith can be found when the debtor's filing evidences misuse of the Bankruptcy Court's jurisdiction. Upon information and belief, the Debtor's case was filed to stay the scheduled foreclosure sale of the Property. The Debtor filed a bare bone petition and then sought almost a four-week delay in filing his schedules and related documents. The Debtor has not noticed the Property for sale or retained a broker. Although the Debtor's managing member testified at the 341 Meeting that he sought re-financing pre-petition, that he was filing applications for financing, and Counsel indicated that the Debtor was in receipt of two letters of intent to fund, Counsel has not forwarded the letters of intent to the United States Trustee.

40. With respect to the enumerated factors cited by the Second Circuit in *CT-9*, several are present in the Debtor's bankruptcy case. Other than the Property, which is the subject of a foreclosure judgment, the Debtor's other asset appears to be a litigation against the Mortgagee, which has not even been commenced. The Debtor has not filed one monthly operating report since the Filing Date, and according to the 341 testimony, has no income. Pre-petition the Debtor was unable to re-finance the Mortgagee's loan. The Debtor does not have the financial ability to meet its current expenses, and the Debtor has no employees and no unsecured creditors. The Debtor's financial problem is a two-party dispute between the Debtor and the Mortgagee concerning a matter that is resolvable in State Court.

41. As of the Filing Date, the facts demonstrate that the Debtor's filing showed "both objective futility of the reorganization and subjective bad faith in the filing of the petition." (see *In re Kingston Square Assocs*. 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997) noting that the Second Circuit requires a showing of both objective and subjective bad faith in connection with a dismissal). As of the Filing Date, with only one creditor, the Debtor objectively could not satisfy the confirmation requirements of 1129 absent the Mortgagee's consent. Subjectively, after filing the case, the Debtor only sought to delay its progress, thereby demonstrating its subjective bad faith.

42. Accordingly, the Debtor's bankruptcy was filed in bad faith and therefore there is cause under 11 U.S.C. §1112(b) to dismiss this chapter 11 case, or in the alternative, converting this case to one under chapter 7 of the Bankruptcy Code.

43. In light of the foregoing, cause exists under 11 U.S.C. §1112(b) in support of an order dismissing this chapter 11 case, or in the alternative, converting this case to one under chapter 7 of the Bankruptcy Code.

## CONCLUSION

44. In the instant case, in addition to failing to comply with its duties as a chapter 11 debtor, the Debtor's the lack of income and the apparent accrual of administrative expenses demonstrate that the Debtor will be unable to confirm a plan within a reasonable period of time. It is also apparent that the filing of the within chapter 11 case was merely to forestall the Mortgagee from realizing upon its collateral. The Debtor's bad faith also constitutes cause for dismissal of conversion of the instant case.

**WHEREFORE,** the United States Trustee respectfully requests that its motion be granted in its entirety and that the Court grant such other and further relief as may be just and proper.

DATED: Central Islip, New York
      April 13,2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE REGION 2
Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722
Telephone (631) 715-7800


By: */s/ Christine H. Black*
    Christine H. Black, Esq.
    Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT      **Hearing Date and Time:**
EASTERN DISTRICT OF NEW YORK      **May 14, 2026 at 10 a.m.**
--------------------------------------------------------x    **Objection Deadline:  May 7, 2026**
In re:

                                     Chapter 11
10 Shepherds Ln Map LLC,            Case No: 826-70355-las
                         Debtor.
--------------------------------------------------------x


      I,  Joann C. Lomangino, am employed by the Office of the United States Trustee for the Eastern District of New York, and hereby certify that on April 13, 2026, I served a true copy of Notice Of Motion Seeking Entry Of An Order Under 11 U.S.C. § 1112(B)Converting This Chapter 11 Case To One Under Chapter 7 Of The Bankruptcy Code Or Dismissing This Chapter 11 Case, to be  served by regular first class mail to the persons and entities whose names and addresses appear on the annexed service list.



Dated:  Central Islip, New York            ***/s/ Joann C. Lomangino***
       April 13, 2026                   Joann Lomangino

**<u>Service List</u>**:

**10 Shepherds Ln Map LLC**
10 Shepherds Ln,
Port Washington, NY 11050

**Karamvir Dahiya**
Dahiya Law Offices LLC
111 John Street
Ste 1860
New York, NY 10038

**Secure Bridge Fund 1, LLC**
c/o Aaron P. Davis, Esq.
Polsinelli PC
600 Third Avenue, 42nd Floor
New York, New York 10016